[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15912
Non-Argument Calendar

_____

BIA No. A95-543-172

VANESSA ILESTIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 27, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Vanessa Ilestin, a citizen and national of Haiti, seeks review of the Board of Immigration Appeals' (BIA's) final order, affirming the Immigration Judge's (IJ's) denial of her application for asylum and withholding of removal pursuant to the Immigration and Nationality Act. 8 U.S.C. §§ 1158, 1231(b)(3). Ilestin asserts she established refugee status as defined by the INA because her testimony showed she was persecuted by Lavalas supporters due to her own and her then-boyfriend's political opinions. Thus, she asserts she is entitled to a rebuttable presumption of a well-founded fear of persecution if returned to Haiti. Further, Ilestin contends she met the burden required for withholding of removal under the INA by establishing through her credible, sufficiently detailed testimony, that it is more likely than not that she would be persecuted if returned to Haiti.[1] After review, we deny Ilestin's petition.[2]

To the extent the BIA's and IJ's decisions were based on a legal determination, our review is *de novo*. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d

---

[1] Although Ilestin applied for relief under the United Nations Convention Against Torture, and appealed the IJ's denial of that claim to the BIA, she failed to address that issue in her initial brief on appeal, and it is therefore deemed abandoned. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (stating "[w]hen an appellant fails to offer argument on an issue, that issue is abandoned").

[2] When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* (internal citations omitted). Here, we review both the BIA's decision and the IJ's decision, as the BIA's determination was based on the same reasoning as the IJ's decision.

814, 817 (11th Cir. 2004). The BIA's and IJ's factual determinations are reviewed under the substantial evidence test, and we will affirm the BIA's and IJ's decisions if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotations and citations omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

## I. CREDIBILITY

As a threshold matter, the BIA "must make clean determinations of credibility." *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). When the agency does not make an adverse credibility determination, we consider the petitioner's testimony to be credible. *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1257 (11th Cir. 2007). If any alien provides credible testimony, it may be sufficient, without corroboration, to establish her eligibility for relief from removal. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1231 (11th Cir. 2006). However, "[w]here the immigration judge determines that the applicant should provide evidence which corroborates otherwise credible testimony, such evidence must be provided unless the applicant demonstrates that the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1229a(c)(4)(B). "No court shall reverse a determination made by a trier of fact

3

with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." *Id.* § 1252(b)(4).

Here, the IJ did not make an adverse credibility determination, and Ilestin's testimony is therefore considered credible. *See Mejia*, 498 F.3d at 1257. Further, the BIA and IJ did not err in concluding that corroborating evidence was available in the testimony of Ilestin's ex-husband, Archelus. Ilestin testified Archelus was present in Miami at the time of her hearing. However, Archelus did not testify at the hearing, nor did he provide an affidavit, letter, or any statement corroborating Ilestin's claims she was persecuted on account of either his or her own political opinion. Ilestin explained his absence as being due only to the fact they were separated. The IJ and BIA noted this fact, and found Archelus could have come forward to corroborate Ilestin's own testimony they were both attacked due to their political opinions. Further, Archelus's absence was especially notable because Ilestin asserted the primary basis of her persecution was Archelus's political views and activities.

## II.  ASYLUM

The Attorney General or Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of "refugee." 8 U.S.C. § 1158(b)(1)(A).  A "refugee" is:

4

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b). An asylum applicant can establish a well-founded fear of future persecution by presenting "specific, detailed facts showing a good reason that he or she will be *singled out* for persecution on account of" the statutorily listed factor. *Sepulveda v. U.S. Att'y. Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2004) (quotations omitted). This requires showing that an applicant's fear of persecution "is subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289.

If the alien establishes past persecution, there is a presumption that her life or freedom would be threatened upon return to that country unless the government shows by a preponderance of the evidence that the country's conditions have changed such that the applicant would no longer be threatened upon removal, or

that the alien could reasonably relocate within the country. 8 C.F.R. § 208.13(b)(1).

"An imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." *Al Najjar*, 257 F.3d at 1289 (quotation omitted). "An asylum applicant may prevail on a theory of imputed political opinion if he shows that the persecutor falsely attributed an opinion to him, and then persecuted him because of that mistaken belief about his views." *Id.* (alterations and quotations omitted).

## A. Past Persecution

The BIA's determination that Ilestin failed to prove she was persecuted on account of the imputation of Archelus's political opinion to her is supported by reasonable, substantial, and probative evidence. As to the first incident, in which she was slapped unconscious, Ilestin testified the five men who showed up at her house and proceeded to beat Archelus slapped her only after she attempted to intervene in the attack. While that attack may have resulted in her being knocked unconscious, Ilestin provided no testimony or corroborative evidence demonstrating she was slapped for any reason other than to stop her from interfering in their attack on Archelus. Further, Ilestin provided no evidence

6

establishing that Archelus himself was attacked on account of an enumerated ground.

As to the second incident, in which Ilestin was raped and stabbed, Ilestin testified that a man approached her while she was selling goods as a vendor. Other than asking her if she was the mother of Archelus's children, the man made no reference to Archelus, his political opinions, or those of Ilestin. Ilestin testified when this man and another individual arrived at her house, they began "talking a lot and also making a lot of noise." One of the men then proceeded to rape her, and the other ultimately stabbed her in her thigh. Despite the horrific nature of this attack, Ilestin offered no testimony showing these men made any reference to her own or Archelus's political opinion. Again, she provided no corroborative evidence.

Accordingly, because Ilestin's testimony alone failed to establish a nexus between the attacks she suffered and any protected ground, and because it was reasonable for the IJ and BIA to expect corroborative evidence when Archelus was available by being present in Miami, substantial evidence supports the finding Ilestin did not establish past persecution on account of a protected ground.

B. *Well-Founded Fear*

While Ilestin asserts she was entitled to a rebuttable presumption of having a well-founded fear of future persecution, as discussed above, Ilestin did not

7

establish she was persecuted on account of a protected ground, and thus, no such presumption applies. *See* 8 C.F.R. § 208.13(b)(1). Moreover, substantial evidence supports the determination of the IJ and BIA that Ilestin did not satisfy her burden of establishing a well-founded fear of future persecution. While Ilestin has arguably satisfied the subjective component, establishing she genuinely fears persecution, substantial evidence supports the BIA's determination that she failed to establish a well-founded fear because the record shows she did not satisfy the objective component of demonstrating that she has a good reason to fear future persecution. *See Al Najjar*, 257 F.3d at 1284, 1289. Ilestin failed to establish she would be singled out for persecution based on Archelus's political opinion, as Archelus now resides in the United States, and in any event, she provided no evidence establishing Archelus's political opinion was imputed to her. Further, Ilestin did not establish a well-founded fear based on her own political opinion, as she offered no testimony she was personally politically active, and her children have continued to live in Haiti without any difficulty. *See Sepulveda*, 401 F.3d at 1231. Moreover, while Ilestin stated she would be arrested and killed if returned to Haiti, the Country Reports she submitted show the Haitian police are addressing corruption in their ranks, and are targeting the pro-Lavalas criminal gangs. Accordingly, the BIA did not err in affirming the IJ's denial of Ilestin's asylum claim, as substantial record evidence supports that determination.

## III. WITHHOLDING OF REMOVAL

To qualify for withholding of removal under the INA, an alien must show that if returned to his country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). If a petitioner is unable to meet the standard of proof for asylum, he is generally precluded from qualifying for withholding of removal. *Al Najjar*, 257 F.3d at 1292-93. Thus, because Ilestin was unable to meet her burden of proof to establish eligibility for asylum, it follows she is also unable to meet the higher burden of qualifying for withholding of removal. *See id.*

**PETITION DENIED.**